Richards W. Hannah, J.
The issue presented here is whether certain police records are admissible under CPLR 4518 to prove the acts of the respondent without producing each officer to testify.
A petition has been filed against the respondent, a 13-year-old boy, alleging that he is a person in need of supervision. The respondent denies the allegations.
The petitioner, who is a police officer of the City of New York, testified that he was assigned by the Youth Division to investigate this respondent. During the course of his testimony there were offered in evidence some 50 youth investigation cards pertaining to this respondent all properly identified. The law guardian objected to the admission of these cards in evidence. These cards were offered as entries made in the regular course *692 of business pursuant to CPLR 4518. The court admitted the cards subject to a motion to strike them after the consideration of citations to be furnished by the law guardian, which the court has not received. The officer testified that he had been assigned to see the respondent and his parents concerning the activities of the boy but that his letters to the parents were not answered and some returned as “ unknown ”, and when he did see them he could not obtain their assistance to correct the situation. When the officer questioned the respondent, he admitted that he had given at least three aliases and false addresses and other false information to the officers who had detected him violating the law. The petitioner’s case was based upon these cards plus the testimony of the officer as to his efforts to correct the condition and the lack of co-operation by the parents.
The petitioner rested and the court reserved decision upon the motion to dismiss. The respondent rested without offering any testimony. Decision was reserved.
It is the official procedure of the Police Department and the Transit Authority that its officers may make up a youth card, commonly referred to as Y. D.l cards, instead of arresting the child in some cases and starting a proceeding in this court. These cards are made up by the officer and the original filed with the Youth Division Unit, one in the precinct where the child resides, one in the precinct where the occurrence took place, and one in the Youth Division Unit of the boy’s residence. The card contains the personal data of the child, the nature of the act which he was committing and is signed by the officer and countersigned by the district unit commander. The records are official records of the New York City Police Department made by officers whose routine business duty is to perceive the facts and transmit the information to others in the Police Department.
CPLR 4518 which is applicable in this court provides as follows: ‘' Business records, (a) Generally. Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event, shall be admissible in evidence in proof of that act, transaction, occurrence or event, if the judge finds that it was made in the regular course of any business and that it was the regular course of such business to make it, at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter. All other circumstances of the making of the memorandum or record, including lack of personal knowledge by the maker, may be proved to affect its weight, but they shall not affect its admissibility. The term business *693 includes a business, profession, occupation and calling of every kind This section was formerly 374-a of the Civil Practice Act. The purpose of the section is to make admissible a writing or record made in the regular course of business without the necessity of calling as witnesses all those who had a part in the making of it. (Johnson v. Lutz, 253 N. Y. 124, 128.) The officers on each of these occasions were under a duty to impart such information and were eyewitnesses to the occurrences (Cox v. State of New York, 3 N Y 2d 693).
There were offered in evidence 22 original ‘ ‘ Y.D.l ’ ’ cards concerning this respondent: 8 of these were in the name of ‘ ‘ George Reed ’ ’ with different addresses and were for violations ranging from selling newspapers in the subway (Penal Law, § 1990-a), to opening cab doors; 10 were under the name of “ Paul Joseph ” with three addresses, 7 at 27 Gravel Street, 1 at 91 State Street and 1 at 22 Gravel Street; and 4 were under the name of “Robert Pitts”, age 12, with 3 addresses at 42 Front Street, and 1 at 27 Gravel Street. All these cards were identified as the original cards. The acts on the cards made up under these aliases ranged from selling newspapers on the subway, loitering, throwing missiles at passing trains, “hitching” rides on rear of subway trains, disorderly conduct and setting a 40-foot tugboat adrift in the East River. Some of these acts occurred as late as 1:25 a.m. These cards are admissible in my opinion and have been marked by the court as petitioner’s Exhibits 1 through 22.
There were also offered in evidence by the petitioner 23 additional “ Y.D. 1 ” cards of this respondent covering the time from January 16, 1964 to August 25, 1964, all under the name of ‘ ‘ Paul Joseph ’ ’ with the 27 Gravel Street address. I have excluded these from evidence since they are copies of the original cards and have marked them petitioner’s Exhibits 23 to 45 for identification.
The petitioner testified that during his investigation the respondent admitted that he had given his name and the names of “ Bruce Jones ” and “ Phil Green ” as well as others, and that he had given the false information. There was also testimony that the parents had refused to co-operate with the police in seeing that the respondent discontinued these activities.
The issue here is whether these cards can be used to prove the acts without calling the individual officers who apprehended the respondent, made out the cards and signed them. In my opinion these cards can be properly received in evidence under CPLR 4518 as proof of the acts. In Zaulich v. Thompkins Sq. Holding Co. (10 A D 2d 492) a police blotter was received in evidence *694 where the officer interviewed the plaintiff as to the manner of the accident and recorded the facts on the blotter. The court said (p. 496): “ it seems clear that the police report was admissible as a record made in the regular course of business pursuant to section 374-a of the Civil Practice Act. (See Kelly v. Wasserman, 5 N Y 2d 425.) ”
In Fischer v. City of New York (207 Misc. 528) the police blotter was admitted in evidence where the officer had interviewed the plaintiff at the scene of the accident and she had told him that she had slipped on a banana and fallen. A review of the cases shows that many other such records are also admissible under this rule; official building department records in Milchman v. Rivera (39 Misc 2d 347); official records of the Department of Welfare in Kelly v. Wasserman (5 NY 2d 425) and the Coroner’s report as far as it was. based upon observations made by the Coroner himself in Petrozak v. State of New York (189 Misc. 809).
I have examined the cards and admitted the originals into evidence as proof of the acts set forth. I have accepted the testimony of the petitioner as to his efforts to obtain the respondent’s co-operation and that of his parents. I cannot believe that this respondent would have been permitted to continue his activities unless he had resorted to the aliases and false information he gave the authorities.
I find the respondent is a person in need of supervision as defined in subdivision (b) of section 712 of the Family Court Act. All motions of the respondent are denied. The Probation Department is directed to make an investigation and the matter is set down for a dispositional hearing before me on November 24, 1964. Notify the attorney and parties.