■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN THOMAS, Appellant. — Appeals by defendant from four judgments of the Supreme Court, Queens County (Lonschein, J.), all rendered January 20, 1983, one convicting him of robbery in the first degree, upon a jury verdict, under indictment No. 278/82, and the remaining three each convicting him of robbery in the first degree, upon his pleas of guilty, under indictments Nos. 273/82, 274/82 and 275/82, and imposing sentences. The appeals bring up for review the denial, after a hearing (Lakritz, J.), of defendant's motion to suppress his statement. ¶ Judgment under indictment No. 278/82 reversed, on the law, indictment dismissed, and case remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 160.50. ¶ Judgments of conviction under indictments Nos. 273/82, 274/82 and 275/82 affirmed. ¶ On December 12, 1981, at approximately 9:30 P.M., Sherryl Baskerville was walking home with her boyfriend in the vicinity of 223rd Street and 106th Avenue when a tan Bonneville stopped 20 feet from them; two of the three occupants got out, stuck a gun in their faces and stole her handbag. Subsequently, one Mark Hanes, arrested for a series of robberies occurring on December 12, 1981, inculpated defendant in these robberies and agreed to cooperate with the police in apprehending him. With Hanes' help, defendant was coaxed from his apartment and taken to the police precinct. After being advised of his *Miranda* rights, defendant made a statement in which he admitted to participating in several robberies but made no mention therein of robbing Baskerville. ¶ Defendant, in four separate indictments, was charged with four counts of robbery in the first degree and lesser related offenses. After the denial of his motion to suppress the statement given at the precinct, defendant was brought to trial on indictment No. 278/82, involving Baskerville. ¶ At trial, the People called as their prime witness one Owen Patrick, who testified that on December 12, 1981 at approximately 9:30 P.M. he and defendant "were like a back-up, like sticking up people" in the vicinity of 223rd Street and 106th Avenue and that one of the encounters involved "a Dude and a girl"; on cross-examination, however, he stated that this incident happened on December 23, 1981 and the victims could have been two men. Complainant Baskerville, also called as a witness, conceded that she did not see defendant on the night in question. Furthermore, the court permitted, over objection, the introduction in evidence of the substance of defendant's precinct statement on the theory that it evinced a common scheme or plan. ¶ On this evidence, the jury found defendant guilty as charged. Prior to sentencing, the court denied defendant's motion to set aside the verdict, *inter alia,* for insufficiency of the evidence and accepted defendant's pleas of guilty on the three remaining indictments. Defendant stipulated with the People that a reversal of his conviction upon a jury verdict would not be grounds for withdrawing his guilty pleas and that the sole issue to be raised on appeal relating to the pleas was whether his precinct statement was taken in violation of his constitutional rights. We now affirm the judgments of conviction based on these pleas but

reverse the judgment of conviction based upon the jury verdict. ¶ It is well settled that a defendant may not be convicted of any offense upon the testimony of an accomplice "unsupported by corroborative evidence tending to connect the defendant with the commission of [the] offense" (see CPL 60.22, subd 1; *People v Daniels,* 37 NY2d 624, 629). At bar, even were we to ignore the discrepancies in accomplice Owen Patrick's testimony relating to the date of the alleged crime and the sex of the victims involved, the fact is that the People failed to adduce any corroborative evidence "tending to connect the defendant with the commission of [the] offense" charged in indictment No. 278/82. The complainant herself admitted that she did not see defendant on the night of the crime. Moreover, even assuming, *arguendo,* that defendant's own statement was properly admitted in evidence at trial, that statement contains neither an admission nor reference linking defendant to the crime charged in indictment No. 278/82. Contrary to the trial court's conclusion, Patrick's testimony in combination with defendant's statement was not sufficient to establish a prima facie case, and the case under that indictment should never have been submitted to the jury. ¶ On the other hand, we perceive no basis to disturb defendant's guilty pleas. Contrary to defendant's contentions, the hearing court properly determined that he lacked standing to contest the use of informant Hanes' statement as a basis for his arrest even if it were unconstitutionally obtained (see *United States v Calandra,* 414 US 338; *People v Henley,* 53 NY2d 403). Moreover, the hearing court did not err when it determined that the police had probable cause to arrest defendant once they were informed by Hanes that he and defendant had participated in a series of robberies on December 12, 1981 (see *People v Berzups,* 49 NY2d 417). Finally, since defendant's arrest was legal and it is not disputed that he voluntarily waived his *Miranda* rights, the hearing court properly denied his motion to suppress his statement given at the precinct (see *United States v Watson,* 423 US 411; *People v De Bour,* 40 NY2d 210). The correctness of the hearing court's denial of that motion being the only issue raised bearing on the guilty pleas, the convictions based on those pleas must be affirmed. Bracken, J. P., O'Connor, Niehoff and Boyers, JJ., concur.