◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY ADAMS, Appellant. [636 NYS2d 242] —Judgment unanimously affirmed. Memorandum: Defendant contends that his conviction for various offenses stemming from eight robberies between January and September 1992 must be reversed because the accomplice testimony was insufficiently corroborated. We disagree. Corroborative evidence need only connect defendant with the crime in such a way that the jury may be reasonably satisfied that the accomplice is telling the truth *(see, People v Glasper,* 52 NY2d 970, 971). "The corroborative glue does not require independent proof of the elements of the crime to sustain a conviction; it just has to bind the accomplice evidence to the defendant" *(People v Breland,* 83 NY2d 286, 293).

The testimony of the victims and the accomplice was identical with respect to the disguises and clothing worn by the robber. Additionally, the jury had before it the notes used in the robberies, which the accomplice testified were written by her or defendant. The jury also had before it a sample of defendant's handwriting to compare with the notes. The testimony of the accomplice was further corroborated by the physical evidence seized from defendant's home and the accomplice's car. A number of those items were described by the robbery victims as similar or identical to those worn or used by the robber. In addition, defendant's father's car was identified by a witness as the get-away vehicle following one of the robberies. That evidence sufficiently corroborated the accomplice's testimony by

tending to connect defendant with the commission of the crimes to sustain the conviction *(see,* CPL 60.22 [1]; *People v Vaccaro,* 214 AD2d 981; *see also, People v Breland, supra).*

Moreover, the evidence corroborating the accomplice's testimony on one crime charged may be used to provide the required corroboration on other crimes charged because the record establishes that the eight robberies involved a common plan or scheme *(see, People v Goldfeld,* 60 AD2d 1, 6-8).

We have reviewed the remaining contention of defendant and conclude that it is without merit. (Appeal from Judgment of Niagara County Court, Hannigan, J.—Robbery, 3rd Degree.) Present—Lawton, J. P., Wesley, Balio, Davis and Boehm, JJ.