■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONATIEN LAKE, Also Known as DONUT, Appellant. [654 NYS2d 185] —Crew III, J. Appeals (1) from a judgment of the County Court of Albany County (Breslin, J.), rendered January 5, 1994, upon a verdict convicting defendant of the crime of murder in the second degree, and (2) by permission, from an order of said court, entered February 2, 1995, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant was indicted on two counts of murder in the second degree arising out of an incident that took place on May 6, 1993 at the intersection of Sheridan Avenue and Lexington Avenue in the City of Albany, wherein Robert Hooks was stabbed nine times and died as a result of the injuries inflicted. A review of the record reveals that defendant, codefendant Michael Counts and another person were arguing outside of Yana's Bar when Hooks came out of the bar and said something to defendant and Counts. Thereupon Hooks and Counts began an argument, which escalated into a fight, at which time defendant, Counts and Jabar Gill were all observed beating Hooks. Gill testified that during the fight, he observed Counts pull a knife out of his pocket and strike Hooks with it in a "hammer-like motion".

Following a jury trial, wherein defendant and Counts were tried jointly, defendant was found guilty of murder in the second degree and sentenced to an indeterminate term of imprisonment of 25 years to life. Prior to sentencing, defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction on the ground that he was denied effective assistance of counsel. County Court denied defendant's motion without a hearing, and defendant now appeals from both the conviction and, by permission, from the denial of his CPL 440.10 motion.

Initially, we note that defendant's contention in his CPL 440.10 motion that trial counsel was, among other things, inexperienced and improperly proceeded with an "all-or-nothing" defense are matters that can be readily determined by a review of the record, and County Court therefore properly decided the

motion without a hearing. Furthermore, we find such assertions to be without merit. Insofar as defendant contends that he was denied effective assistance of counsel because an alleged eyewitness was not contacted, we note that defendant did not provide County Court with the substance of the account of said witness and, as such, defendant's allegations were factually unsupported and insufficient to require a hearing.

We also reject defendant's contentions that the verdict was not supported by legally sufficient evidence and was against the weight of the evidence. A verdict is supported by legally sufficient evidence when it can be said that there is a valid line of reasoning and permissible inferences that could lead a rational person to the conclusion reached by the jury (*see, People v Bleakley*, 69 NY2d 490, 495). Here, the testimony revealed that defendant, Counts and Hooks began fighting outside Yana's Bar. When Hooks managed to extricate himself from the fight and began to leave, defendant tackled him and the three continued fighting. Although defendant had withdrawn from the fight at the point when Counts pulled a knife and began stabbing Hooks, defendant thereafter jumped back into the fray and began striking Hooks anew. That evidence, and the statements attributed to defendant prior to the fight and immediately after, as Hooks lay bleeding on the ground, could lead a rational person to conclude that defendant, with the mental culpability required for the commission of murder, intentionally aided Counts in the commission of that crime (*see, People v Bosque,* 78 AD2d 986, *lv denied* 52 NY2d 901, *cert denied* 451 US 992). Accordingly, we conclude that the verdict was supported by legally sufficient evidence. Further, our independent review of the evidence satisfies us that the verdict was also supported by the weight thereof (*see, People v Bleakley, supra,* at 495).

We also reject defendant's contention that the People improperly impeached their own witness in violation of CPL 60.35. The record reflects that during the questioning of the People's witness, Gill, the People successfully refreshed his recollection by having him silently read a statement that he previously had given to the police. Inasmuch as the contents of said statement were not disclosed to the jury, such procedure was perfectly permissible (*see, People v Reed*, 40 NY2d 204, 207).

Finally, we find defendant's assertions of prosecutorial misconduct to be without merit, except as to those comments by the prosecutor deriding defendant's place of residence. However, inasmuch as defense counsel's objections to the prosecutor's characterizations were sustained with admoni-

tions by County Court that the jury was to ignore the remarks, we find such misconduct to be harmless. We have considered defendant's remaining contentions and find them to be equally without merit.

Mikoll, J. P., White, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment and order are affirmed.