OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Defendant was charged with robbery. He waived his
 
 Miranda
 
 rights and gave the investigating officer two different alibis. When confronted with information contradicting each alibi, defendant remained silent.
 

 At trial, testimony about defendant’s silence after his first alibi was contradicted was elicited on the People’s direct case without objection. When the People attempted to introduce testimony from the police officer refuting the second alibi, defendant objected on hearsay grounds. Counsel argued that the
 
 *828
 
 individual with whom the police officer checked defendant’s alibi was the proper person to provide testimony, not the police officer. The court immediately gave a curative instruction, informing the jury that the testimony was not being received for its truth but only as evidence of defendant’s state of mind. Thereafter the prosecutor elicited, without objection, testimony that defendant did not respond when confronted with information contradicting his second alibi.
 

 Defendant now claims in addition to the hearsay argument properly rejected by the courts below, that admission of testimony of his silence upon contradiction of his second alibi impermissibly penalized him for exercising his constitutional right to silence and also violated State evidentiary principles which forbid evidence, on the People’s direct case, of a defendant’s postarrest silence. These new claims are not preserved for our review as defendant never identified either one of these theories to the Trial Judge (CPL 470.05 [2];
 
 People v Gonzalez,
 
 55 NY2d 720, 722).
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine, Ciparick and Wesley concur.
 

 Order affirmed in a memorandum.