■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES K. PERSONS, Appellant. [666 NYS2d 773] —Yesawich Jr., J. Appeal from a judgment of the County Court of Washington County (Hemmett, Jr., J.), rendered January 3, 1997, upon a verdict convicting defendant of the crimes of assault in the first degree, assault in the second degree (three counts) and reckless endangerment in the first degree.

After it was discovered that defendant's infant son had sustained serious injuries, including bruises and broken bones, at different times during the six weeks since his birth, defendant voluntarily accompanied police personnel to the State Police barracks for questioning. While there, he admitted to having treated the baby roughly on three different occasions and signed a written statement detailing those incidents. Following a jury trial, defendant was convicted as previously indicated and sentenced to an aggregate term of 10½ to 21 years' incarceration; defendant appeals.

Defendant's principal argument consists of challenges to the admissibility and probity of his written confession. At trial, however, defendant expressly waived any argument with respect to whether that confession—earlier he had also made inculpatory oral admissions—was taken in violation of his legal rights, focusing instead on whether the written confession was, in fact, an accurate reflection of what he had actually said to the interviewing officers. Accordingly, his contention that he

was not properly informed of his *Miranda* rights, prior to the initiation of police interrogation, has not been preserved for review (*see, People v Waters*, 90 NY2d 826, 828). Nor is there force to his contention that the record evidence does not support a finding that the confession was voluntary and truthful. Furthermore, given our belief that the confession was indeed lawfully obtained and credible, no useful purpose would be served by our considering defendant's hypothesis that, absent this statement along with the accompanying audiotape of a police officer reading it and defendant acknowledging the correctness of its contents, the trial evidence would have been insufficient to support the conviction.

Defendant also maintains that certain remarks made by the prosecutor during his summation were improper and prejudicial, warranting reversal, and that an instance of informal contact between a prosecution witness and an alternate juror raises the likelihood of impropriety. These arguments were not preserved for review, as defense counsel at no time registered any objection to the prosecutor's comments (*see, People v Parker*, 220 AD2d 815, 816, *lv denied* 87 NY2d 1023) and accepted the efforts made by County Court to neutralize the impact of any improper juror contact, without further objection or request for a mistrial (*see, People v Williams*, 46 NY2d 1070, 1071). In any event, the prosecutor's remarks constituted fair comment on the evidence and a reasonable response to arguments advanced by defense counsel in his closing argument (*see, People v Parker, supra*, at 816). As for the contention that, by exchanging greetings during a recess with a juror, a State Trooper in plain clothes who later testified inappropriately attempted to influence the juror, it suffices to note that the juror in question—who never participated in deliberations—was instructed not to discuss the incident with his fellow jurors, each of whom, when questioned, denied having been approached or influenced by anyone connected with the case.

Lastly, we are not persuaded that County Court abused its discretion (*see, People v Kenny*, 175 AD2d 404, 407, *lv denied* 78 NY2d 1012) in imposing the harshest permissible sentence for these crimes, which involved multiple, brutal assaults on a helpless newborn infant.

Mikoll, J. P., Mercure, Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed.