THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLAUDE R. GIGUERE, Appellant. [690 NYS2d 354] —Judgment unanimously affirmed. Memorandum: Defendant contends that his conviction of various crimes arising from 15 forged payroll checks cashed in October 1996 must be reversed because the accomplice testimony was insufficiently corroborated. We disagree. Corroborative evidence is sufficient if it connects defendant with the crimes in such a way that the jury may be reasonably satisfied that the accomplice is telling the truth (*see, People v Glasper*, 52 NY2d 970, 971). "The corroborative glue does not require independent proof of the elements of the crime to sustain a conviction; it just has to bind the accomplice evidence to the defendant" (*People v Breland*, 83 NY2d 286, 293). Here, four of the individuals who accepted forged checks positively identified defendant as the individual who cashed the checks. In addition, the People introduced evidence that defendant was employed at the company that owned the blank payroll checks. That evidence sufficiently connected defendant to the commission of the crimes to satisfy the corroboration requirement of CPL 60.22 (1) (*see, People v Breland, supra; People v Vaccaro*, 214 AD2d 981, *lv denied* 86 NY2d 742). Because the record establishes that the forgeries involved a common plan or scheme, the evidence corroborating the accomplices' testimony on some of the crimes charged provided

the required corroboration on the other crimes (*see, People v Adams*, 222 AD2d 1093, 1094, *lv denied* 88 NY2d 844).

Defendant further contends that County Court erred in denying his motion to dismiss the indictment on the ground that he was denied his right to a speedy trial (*see*, CPL 30.30). The record establishes that the People announced their readiness for trial 169 days after the filing of the earliest of the accusatory instruments. Thus, the People announced their readiness to proceed on the felony charges within six months, as required by CPL 30.30 (1) (a). Defendant contends, however, that the People violated CPL 30.30 based on postreadiness delay added to the prereadiness delay. He contends that the 14-day period from September 17 to October 1, 1997 and the five-day period from November 12 to 17, 1997 are chargeable to the People. Contrary to defendant's contention, the record fails to establish that there was an appearance in this matter on September 17, 1997 or that the matter was adjourned from that date until October 1, 1997. The record discloses that, on November 13, 1997, the court denied defendant's speedy trial motion to dismiss and without the request of either party scheduled trial for November 17, 1997. Thus, defendant has failed to meet his burden of showing that any postreadiness adjournments were chargeable to the People (*see, People v Anderson*, 66 NY2d 529, 541). (Appeal from Judgment of Ontario County Court, Harvey, J.—Criminal Possession Forged Instrument, 2nd Degree.) Present—Denman, P. J., Pine, Lawton, Hurlbutt and Balio, JJ.