■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN SPENCER, Appellant. [708 NYS2d 488] —Graffeo, J. Appeals (1) from a judgment of the County Court of Delaware County (Estes, J.), rendered March 22, 1999, upon a verdict convicting defendant of the crimes of burglary in the third degree (four counts), petit larceny (four counts), criminal mischief in the third degree (two counts) and criminal mischief in the fourth degree, and (2) by permission, from an order of said court, entered September 14, 1999, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

The charges against defendant arose from a series of incidents in the early morning hours of February 10, 1998 when, based on the evidence adduced at trial, defendant and two minor accomplices committed criminal mischief at a video arcade and burglarized two hardware stores, a restaurant and a laundromat in the Village of Sidney, Delaware County. On appeal, defendant challenges County Court's suppression ruling, asserts that there were various trial errors which warrant a reversal and claims that his sentence is harsh and excessive. Defendant also cites error in the denial of his CPL 440.10 motion without a hearing. We find defendant's claims lacking in merit and affirm the judgment and order.

First, we reject defendant's contention that stolen property discovered in his apartment in plain view during the execution of a valid search warrant was unlawfully "seized" when the police photographed the property, which items were subsequently removed pursuant to a second search warrant. The testimony at the suppression hearing reveals that after both accomplices implicated defendant in the crimes, police obtained a warrant to search defendant's residence for burglar's tools, a dog leash

and cash believed to have been stolen from a hardware store. While executing the warrant, police noticed other items in the apartment that they suspected had been stolen during the burglaries so they took photographs of the articles without moving them. The officers then contacted the burglary victims by telephone to ascertain the specific items missing and, after the victims confirmed that items missing from their establishments matched the objects photographed, the police obtained another search warrant which specifically authorized seizure of the items.

Contrary to defendant's argument, we find it was not improper for the police to photograph the suspicious items during the first search. Photographing the articles did not constitute an additional invasion of defendant's privacy beyond that incident to the proper execution of the search warrant (*see, People v Nelson*, 144 AD2d 714, 716, *lv denied* 73 NY2d 894). Moreover, it was not inappropriate for the police to use the photographs in an attempt to confirm whether the items were stolen property, as this is analogous to a police officer relying on his or her written description of an item, a practice that is clearly acceptable (*see, Arizona v Hicks*, 480 US 321, 323 [officer recorded serial number and make of stereo equipment observed in plain view and used that description to confirm that equipment was contraband]).

Nor, as defendant suggests, can the police conduct be viewed as an improper application of the plain view doctrine. The police may seize contraband or other evidence under the plain view doctrine "if three conditions are met: (1) the police are lawfully in the position from which the object is viewed; (2) the police have lawful access to the object; and (3) the object's incriminating nature is immediately apparent" (*People v Diaz*, 81 NY2d 106, 110; *see, Arizona v Hicks, supra*; *People v Batista*, 261 AD2d 218, *lv denied* 94 NY2d 819; *People v Thrower*, 175 AD2d 818, *lv dismissed* 78 NY2d 1082; *People v Cranmer*, 167 AD2d 566, *lv denied* 77 NY2d 904). Upon the facts of this case, although the first two conditions were met through the execution of the first search warrant, the police did not attempt to seize the property during the initial search as "immediately apparent" incriminating evidence. Taking a more prudent approach, the police suspended their search, conducted a further inquiry concerning the suspicious items and then obtained a second search warrant specifically authorizing seizure of the goods (*cf., People v McCullars*, 174 AD2d 118, *appeal dismissed* 80 NY2d 800). Because the items were seized pursuant to a lawful search warrant, the evidence was properly admitted at trial.

We further find, upon review of the trial record, that there was sufficient evidence corroborating the accomplice testimony presented. Corroborative evidence is sufficient if it tends to connect the defendant to the crime in a manner sufficient to satisfy the jury that the accomplice is telling the truth (*see,* CPL 60.22 [1]; *People v Steinberg,* 79 NY2d 673, 683; *People v Glasper,* 52 NY2d 970, 971). The evidence need not establish the elements of the crime and seemingly insignificant proof may provide the necessary link (*see, People v Breland,* 83 NY2d 286, 292-293). Where multiple crimes are charged and the record shows that the crimes involved a common plan or scheme, evidence corroborating the accomplice on one crime is sufficient to provide the required corroboration on the others (*see, People v Giguere,* 261 AD2d 941, *lv denied* 93 NY2d 1018; *People v Adams,* 222 AD2d 1093, *lv denied* 88 NY2d 844).

In this case, given the similarity of the crimes, the close time frame in which they were committed and the proximate locations of the establishments burglarized, there was ample evidence that the crimes were committed as part of a common plan or scheme. At trial, one of the participants in the criminal activities testified that he and another participant assisted defendant in the commission of the crimes. According to his testimony, after he and the other participant met defendant at defendant's apartment on the evening of the burglaries, defendant indicated that he needed money so all three went to a video arcade where they broke into video and vending machines and stole change. The accomplice further related that later that evening they engaged in a series of burglaries using an axe, a large crow bar, a small pry bar and other tools to break into several business establishments. The burglar's tools and stolen property from two of the businesses were subsequently discovered by police in defendant's apartment, and a knapsack containing burglar's tools and clothing, identified by the accomplice as those used during the commission of the burglaries, was discovered across the street from defendant's apartment in the basement of his mother's house. Under these circumstances, the evidence was sufficient to connect defendant to the crime spree (*see, People v Giguere, supra; People v Adams, supra*). Moreover, viewing the evidence in the light most favorable to the People, we conclude that the evidence at trial was sufficient to support the verdict (*see, People v Williams,* 84 NY2d 925) which, upon objective consideration of the trial record, was not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495).

Reversal is also not warranted based on defendant's allega-

tions of prosecutorial misconduct. Although the prosecutor did misstate the law regarding corroboration of accomplice testimony during his closing argument, defendant failed to object at that time, raising the issue initially at a conference preceding County Court's charge to the jury. At that time, the court acknowledged the error and, after discussion, defense counsel agreed that any confusion the misstatement might have caused could be cured by the court's instruction on the issue. County Court then properly charged the jury. In light of the fact that defense counsel accepted the court's efforts to rectify any misimpression obtained by the jury, defendant's challenge to the prosecutor's statement is not preserved for review (*see, People v Persons*, 245 AD2d 845, 846). Defendant has further failed to show that the isolated remark had " 'decided tendency to prejudice the jury' " (*People v Halm*, 81 NY2d 819, 821, quoting *People v Ashwal*, 39 NY2d 105, 110) so as to deprive him of a fair trial. Defendant's remaining challenges to the propriety of the prosecutor's remarks are not preserved for review and, in any event, are without merit because the remarks were within the bounds of fair argument (*see, People v Persons, supra*).

Defendant's claim that his sentence was harsh and excessive is also unavailing. As a second felony offender, defendant was sentenced to consecutive prison terms of $3^1/_2$ to 7 years for each of the four burglary convictions, consecutive terms of 2 to 4 years for the two convictions of criminal mischief in the third degree, and four definite terms of one year for the remaining petit larceny and criminal mischief convictions, to run concurrently with the first burglary conviction. Although defendant received the maximum sentence for each offense (*see*, Penal Law § 70.06), where a sentence falls within the permissible sentencing range, it should not be disturbed absent a clear abuse of discretion or extraordinary circumstances warranting modification (*see, People v Dolphy*, 257 AD2d 681, *lv denied* 93 NY2d 872). In light of defendant's extensive criminal history, including prior crimes of a similar nature and several previous incarcerations, we see neither a clear abuse of discretion nor extraordinary circumstances (*see, People v Ormsby*, 242 AD2d 840, *lv denied* 91 NY2d 975).

Finally, we reject defendant's assertion that County Court abused its discretion in denying, without a hearing, his *pro se* CPL 440.10 motion. Defendant made only a bare and unsubstantiated allegation that his attorney failed to inform him of a "second plea offer" without any description of the parties' plea negotiations, an indication that the alleged offer was materi-

ally different from previous or subsequent offers, or any allegation that he would have accepted the offer had it been conveyed. We therefore decline to disturb County Court's determination that the claim was insufficient to warrant a hearing (*see, People v Lake*, 235 AD2d 921, *lv denied* 89 NY2d 1096; *People v Kittell*, 135 AD2d 1021, 1023). Similarly, County Court was well within its discretion to refuse defendant's request for a hearing to relitigate his challenge to the suppression ruling (*see,* CPL 440.10 [2] [b]; [3] [b]) or to explore his unsupported claim that "new evidence" had been discovered (*see, People v Lake, supra*).

We have considered defendant's remaining contentions and find them to be without merit.

Mercure, J. P., Crew III, Peters and Spain, JJ., concur. Ordered that the judgment and order are affirmed.