■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSCAR CARRION, Appellant. [715 NYS2d 257] —Rose, J. Appeal from a judgment of the County Court of Montgomery County (Sise, J.), rendered September 17, 1997, upon a verdict convicting defendant of the crimes of robbery in the second degree (two counts), petit larceny (two counts) and menacing in the second degree (two counts), and the violation of harassment in the second degree.

These convictions arise out of the robberies of Singleton's Old Pit Stop and the Family Dollar Store in the City of Amsterdam, Montgomery County, on December 2, 1996 and December 7, 1996, respectively. Defendant appeals, contending that County Court erred in denying his motion to suppress the statements he made to police officers on the date of the Family Dollar robbery because his detention was not justified and he effectively refused to speak with police officers during his detention.

At the suppression hearing, John Di Caprio, a police officer with the Amsterdam Police Department, testified that while investigating the radio report of an armed robbery, he came across defendant approximately one block from the Family Dollar. At the time, the temperature was approximately 30 degrees and it was snowing, with an accumulation of ap-

proximately one inch on the ground. Di Caprio noted that defendant was not wearing a coat, hat or gloves, but merely a dry T-shirt and a pair of pants. Di Caprio approached defendant, requested identification, and asked defendant to accompany him to the police station. Di Caprio further testified that defendant voluntarily agreed to come to the station, he was given his *Miranda* warnings, he indicated that he understood his rights and he told his questioners that he could help get a lot of drug dealers off the streets. Later, *Miranda* warnings were again given after which defendant refused to sign the *Miranda* waiver form but purportedly agreed to speak to an investigator. When asked if he did the Family Dollar robbery on his own, defendant nodded his head. When asked if he planned the Singleton's robbery on his own, he again nodded his head.

Where a defendant agrees to talk to the police, his refusal to sign a *Miranda* waiver form is not an implicit invocation of his or her *Miranda* rights (*see, People v Setless*, 213 AD2d 900, 900-901, *lv denied* 86 NY2d 740) and does not preclude a finding that *Miranda* rights have been waived (*see, People v Danaher*, 115 AD2d 905). Rather, a defendant's voluntary actions in speaking to the police may very well constitute an affirmative waiver of his or her *Miranda* rights (*see, People v Setless, supra*, at 901). Based on defendant's agreement to speak to the police officers, and his willingness to answer their questions, defendant waived his rights here and his oral statements were admissible.

Defendant also contends that the People improperly impeached their own witness, William Pereicich, by using a prior written statement in the course of his testimony about what defendant had stated to him. Where a party's witness falls short of disproving the party's position, a prior statement of the witness may be used to refresh his or her recollection, but only if the contents of the statement are not disclosed to the jury (*see, People v Lake [Donut]*, 235 AD2d 921, 922, *lvs denied* 89 NY2d 1091, 1096; *People v Sullivan*, 227 AD2d 895, *lv denied* 88 NY2d 995). The record here reveals that Pereicich testified that he only remembered hearing defendant say, on December 2, 1996, that defendant had money. A written statement Pereicich had given to the police was shown to him to refresh his recollection. After showing Pereicich the prior statement and confirming that it had refreshed his recollection, the prosecutor asked what defendant said on the date of the robbery and Pereicich responded, "They did a robbery." When Pereicich indicated that he did not know to whom defendant was referring in saying this, the People then asked whether he had

previously told a police officer to whom defendant was referring and he responded that he had told the police officer that the reference was to defendant and Ryan Ruback. The statement was not shown to the jury, Pereicich did not read aloud from the statement and his testimony only described what defendant had told him and what Pereicich had previously told a police officer. Thus, the statement was properly used to refresh his recollection and did not constitute the improper impeachment of the People's witness.

Lastly, we must reject defendant's contention that the evidence was insufficient to identify him as the person who committed the robbery at Singleton's. When the evidence is viewed in the light most favorable to the prosecution and given the benefit of all favorable inferences (see, People v Harper, 75 NY2d 313, 316), there is a valid line of reasoning which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial (see, People v Bleakley, 69 NY2d 490, 495). The testimony, as well as the physical evidence, clearly satisfied the proof and burden requirements for each of the elements charged.

Crew III, J. P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.