■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK CROW, Appellant. [728 NYS2d 219] —Carpinello, J. Appeal from a judgment of the County Court of Albany County (Teresi, J.), rendered October 17, 1997, upon a verdict convicting defendant of three counts of the crime of robbery in the second degree.

At the age of 15, defendant was indicted as a juvenile offender in two separate indictments with three counts of robbery in the second degree arising out of two separate incidents which occurred over a two-day period in the City of Albany. The indictments were consolidated and, following a trial, defendant was found guilty as charged. County Court sentenced him to a term of 2⅓ to 7 years on each count, with two of the terms to run concurrently with each other but consecutively to the third. Defendant appeals.

Defendant contends that the testimony of his two accomplices was not sufficiently corroborated with regard to one of the robberies, which involved a male victim who was unable to identify his assailants. The People respond by arguing that the testimony of an investigating police officer regarding statements made by defendant was sufficient corroborating evidence. We agree with the People.

The corroboration requirement of CPL 60.22 (1) is satisfied by nonaccomplice evidence which tends to connect a defendant to the crime in a manner sufficient to satisfy the jury that an accomplice is telling the truth (see, People v Steinberg, 79 NY2d 673, 683). Proof of the elements of the crime is not required; rather, "much less evidence and of a distinctly inferior quality is sufficient to meet the slim corroborative linkage to otherwise independently probative evidence from accomplices" (People v Breland, 83 NY2d 286, 294). In this case, the investigating officer testified that when he asked defendant to tell him about the robberies, defendant replied, "Which robberies? The old lady?" When the officer told him that he could start with that one, defendant stated that he was with the accomplices "when it happened."

Defendant's statements clearly imply that he participated in more than one robbery, that the victim in one of the robberies was an older woman and that he was with the accomplices when that robbery occurred. In addition, the record discloses that the robbery of this woman occurred one day before the male victim was robbed, that both robberies occurred in the

same general area and that, in each robbery, defendant and his accomplices stalked a lone pedestrian after dark, displayed a gun, assaulted the victim and forcibly stole property. In these circumstances, we conclude that the evidence was sufficient to establish that the crimes were part of a common scheme or plan (*see, People v Spencer*, 272 AD2d 682, 684, *lv denied* 95 NY2d 858) and, therefore, the corroborative evidence was sufficient to connect defendant to both crimes (*see, People v Giguere*, 261 AD2d 941, *lv denied* 93 NY2d 1018; *People v Adams*, 222 AD2d 1093, *lv denied* 88 NY2d 844).

Contrary to defendant's next claim, and despite his young age at the time of the police interview, the record establishes that the police fully conveyed his *Miranda* rights to him (*see, California v Prysock*, 453 US 355; *People v Gates*, 101 AD2d 635). The interview was conducted in the presence of defendant's mother and the investigating officer fully explained its purpose, i.e., defendant's alleged involvement in certain robberies. The officer also carefully explained each *Miranda* right, pausing for defendant and his mother to acknowledge their understanding of that right before proceeding to the next.

Finally, we reject defendant's claim that, as result of his youth and lack of prior criminal history, the maximum sentence imposed by County Court is harsh and excessive and/or should be reduced in the interest of justice. In view of the demonstrated viciousness involved in the crimes and the use of a gun to threaten the victims, the sentence will not be disturbed.

Crew III, J. P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.