■ In the Matter of Shakir J., a Person Alleged to be a Juvenile Delinquent, Appellant. [778 NYS2d 68]—

In two juvenile delinquency proceedings pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Hepner, J.), dated March 19, 2003, which, in effect, upon two fact-finding orders of the same court, both dated January 27, 2003, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree, criminal possession of stolen property in the fifth degree, and menacing in the third degree, adjudged him to be a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for a period of 18 months. The appeal from the order of disposition brings up for review the fact-finding orders dated January 27, 2003.

Ordered that the order of disposition is reversed, on the law, without costs or disbursements, the fact-finding orders are vacated, and the petitions are dismissed.

The Family Court erred in determining that the witness Shyquan D. was not an accomplice of the appellant in a robbery occurring on September 29, 2002 (Docket No. D-24606/02). The definition of an accomplice for the purpose of the corroboration rule is broader than for accomplice liability (*see* CPL 60.22; *People v Berger,* 52 NY2d 214, 219 [1981]). The police and the presentment agency acknowledged that Shyquan D. had some accomplice culpability for the incident. The police officer exercised his discretion to give Shyquan D. a "Youth Division" card instead of charging him (*see Matter of Anonymous,* 44 Misc 2d 691 [1964]). The presentment agency promised Shyquan D. that he would not be prosecuted, in exchange for his testimony. These are the circumstances under which the courts are called upon to exercise "utmost caution in dealing with accomplice testimony" (*People v Berger, supra* at 219).

The evidence established that Shyquan D. was aware that the

appellant and the others were planning to rob somebody. He was invited to come along and was told that "they would jump on a lady and choke her." Shyquan D. accompanied them as they looked for a victim. On cross-examination, Shyquan D. admitted that he was "waiting at the middle of the hill to make sure that no one was going to see what was happening." Under these circumstances, Shyquan D. was a lookout (*see People v Coulter,* 240 AD2d 756 [1997]), and therefore, his testimony required corroboration (*see* Family Ct Act § 343.2).

The Family Court also erred in finding sufficient corroboration of the witness Adrian D.'s accomplice testimony as to the appellant's involvement in the robbery occurring on September 23, 2002 (Docket No. D-24607/02). The function of corroborative evidence is not to bolster the details of the accomplice's testimony, but to ensure that a juvenile has not been improperly implicated in the crime charged (*cf. People v Hudson,* 51 NY2d 233, 239 [1980]; *People v Nieto,* 97 AD2d 774 [1983]). Certain details of the robbery, as testified to by Adrian D., matched the testimony of the victim of that robbery. However, those details did not implicate the appellant.

The presentment agency contends that the two robberies represented a common plan or scheme, and therefore Shyquan D.'s testimony as to the appellant's involvement in the September 29, 2002, robbery supplied the necessary corroboration of the appellant's involvement in the September 23, 2002, robbery (*cf. People v Crow,* 284 AD2d 653 [2001]; *People v Spencer,* 272 AD2d 682, 684 [2000]). This argument, raised for the first time on appeal, is not properly before this Court (*see Matter of Jason F.,* 243 AD2d 391 [1997]; *cf. People v Dodt,* 61 NY2d 408, 416 [1984]; *People v Johnson,* 64 NY2d 617 [1984]).

The accomplice testimony of Shyquan D. and Adrian D. was the only evidence implicating the appellant in both crimes. Therefore, the evidence was insufficient (*cf. People v Besser,* 96 NY2d 136, 144 [2001]; *People v Robinson,* 297 AD2d 296 [2002]; *People v Thomas,* 103 AD2d 854 [1984]).

The parties' remaining contentions are without merit. Altman, J.P., H. Miller, Goldstein and Skelos, JJ., concur.