■ The People of the State of New York, Respondent, v Ondre Maye, Appellant. [795 NYS2d 387]—

Rose, J. Appeal from a judgment of the County Court of Warren County (Feldstein, J.), rendered October 9, 2003, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.

Defendant was a passenger in a vehicle stopped for traffic violations by officer Robert Gould of the Warren County Sheriff's Department. Upon checking defendant's identification, Gould was informed of an outstanding bench warrant issued by

a town court in a nonadjoining county. Gould directed defendant to exit the vehicle and informed him that he was being held on the warrant pending confirmation that it was valid and could be executed beyond the issuing court's jurisdiction (*see* CPL 120.70 [2]). Before placing defendant back in the car, Gould asked defendant whether he had "anything illegal on him." Defendant answered "yes" and produced a bag of marihuana. Gould then placed defendant under arrest for possession of the marihuana. During a subsequent pat-down search, another bag containing crack cocaine was found in defendant's pocket. Defendant was then arraigned on charges of criminal possession of controlled substances. He invoked his right to counsel and was remanded to the Warren County jail. While traveling to the jail in the custody of officer Kilburn French, defendant allegedly instigated a conversation by saying, "If they try to send me away for a long time, I'll have to go to trial. I will have to see what they offer. I need help for a drug problem. I would like that."

After defendant was indicted on two counts of criminal possession of a controlled substance in the fifth degree, he moved to suppress the physical evidence and the oral response obtained by Gould, alleging that the search and seizure had been incident to an arrest that was unlawful due to deficiencies in the warrant. Defendant also moved to suppress his subsequent statements to French, arguing that they violated his right to counsel. After a hearing, County Court denied defendant's motion. Defendant then pleaded guilty to one count of criminal possession of a controlled substance in the fifth degree. He was sentenced to an agreed upon prison term of 3 to 6 years.

Defendant argues for the first time on appeal that because Gould had detained him while waiting to learn if the warrant could be executed, the failure to administer *Miranda* warnings before asking him whether he possessed anything illegal was improper and, therefore, his affirmative response and the physical evidence produced should have been suppressed. At the suppression hearing, however, defendant had expressly limited the grounds for suppression to his 4th Amendment claim that the warrant had been illegal and could not serve as the basis for either his arrest or a frisk of his person. Thus, defendant's present claim of a *Miranda* violation is unpreserved (*see* CPL 470.05 [2]; *People v Waters,* 90 NY2d 826, 828 [1997]; *People v Iannelli,* 69 NY2d 684, 685 [1986], *cert denied* 482 US 914 [1987]; *People v Persons,* 245 AD2d 845, 845-846 [1997]). Upon this record, we decline to exercise our interest of justice jurisdiction (*see e.g. People v Zeito,* 302 AD2d 923, 924 [2003], *lv denied* 99 NY2d

634 [2003]; *People v Jenkins,* 300 AD2d 751, 753 [2002], *lv denied* 99 NY2d 615 [2003]).

We are also unpersuaded by defendant's contention that his later statements to French should have been suppressed because they were made after he invoked his right to counsel. We defer to County Court's decision to credit French's testimony that he had done nothing to prompt defendant to make any statements (*see People v Layboult,* 227 AD2d 773, 775 [1996]), and agree that those statements were spontaneous (*see People v Lynes,* 49 NY2d 286, 294-295 [1980]; *People v Marshall,* 2 AD3d 1157, 1157-1158 [2003], *lv denied* 2 NY3d 743 [2004]; *People v Downey,* 254 AD2d 794, 794 [1998], *lv denied* 92 NY2d 1031 [1998]).

Finally, we reject defendant's pro se argument that he was denied the effective assistance of counsel. Specifically, defendant argues that counsel failed to seek dismissal of the second indictment for the improper use of hearsay evidence before the grand jury and to interview those who were with defendant when the vehicle in which he was riding was stopped. We note, however, that defendant has not demonstrated that the nonhearsay evidence before the grand jury would have been insufficient to support the amended indictment (*see People v Butcher,* 11 AD3d 956, 958 [2004], *lv denied* 3 NY3d 755 [2004]; *People v Carey,* 241 AD2d 748, 751 [1997], *lv denied* 90 NY2d 1010 [1997]). Nor has defendant shown that counsel's questioning of his companions would have produced any evidence affecting his decision to plead guilty. Thus, in light of the favorable plea agreement and defendant's reduced sentencing exposure, we conclude that counsel provided meaningful representation (*see People v Allen,* 15 AD3d 689, 690 [2005]; *People v Crippa,* 245 AD2d 811, 812 [1997], *lv denied* 92 NY2d 850 [1998]).

Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.