People v Pratt (2018 NY Slip Op 04385)





People v Pratt


2018 NY Slip Op 04385


Decided on June 14, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 14, 2018

106734

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
MAURICE PRATT, Appellant.

Calendar Date: April 30, 2018

Before: McCarthy, J.P., Lynch, Devine, Clark and Pritzker, JJ.


David E. Woodin, Catskill, for appellant, and appellant pro se.
Joseph Stanzione, District Attorney, Catskill (Danielle D. McIntosh of counsel), for respondent.


McCarthy, J.P.

MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Mott, J.), rendered May 9, 2014 in Greene County, upon a verdict convicting defendant of the crimes of murder in the second degree and petit larceny.
On January 1, 2013, police discovered the victim's body in his residence in the Town of Greenville, Greene County. Defendant was thereafter indicted for the crimes of murder in the first degree, murder in the second degree, two counts of robbery in the first degree and petit larceny. After the ensuing jury trial, he was convicted of murder in the second degree and petit larceny. Supreme Court sentenced defendant to a prison term of 22 years to life for murder in the second degree and one year of
incarceration for petit larceny. Defendant appeals.
The verdict was supported by legally sufficient evidence and is not against the weight of the evidence. On a legal sufficiency challenge, this Court views the evidence in the light most favorable to the People to evaluate whether any valid line of reasoning and permissible inferences could satisfy every element of the charged crimes and lead rational people to the conclusion reached by the jury (see People v Elwood, 80 AD3d 988, 989-990 [2011], lv denied 16 NY3d 858 [2011]). It is undisputed that the victim was shot three times in the head, causing his death. A witness testified that he drove defendant to the victim's house on December 23, 2012. While waiting outside, the witness heard two loud bangs and defendant subsequently came out of the house with a television. Other witnesses saw defendant later that night with a similar television, which also looked like the picture on an empty television box located in the [*2]victim's residence. Defendant testified that he had a similar television on the same date, but that he bought it from the witness.
Cell phone records showed that defendant requested a ride to Greenville, and defendant's phone was in the area of the victim's residence at the time specified by the witness. Defendant also knew the victim and was aware that he usually had cash on hand, whereas the witness did not know the victim, his address or his phone number. After defendant was informed that the police were investigating him, he displayed consciousness of guilt by asking others to delete their text messages with him and to surreptitiously engage a female to keep the witness high on drugs to discredit his future testimony. The evidence was legally sufficient to establish the crimes of murder in the second degree and petit larceny. Although another verdict would not have been unreasonable, the convictions are not against the weight of the evidence, "considering the evidence in a neutral light and according deference to the jury's credibility assessments" (id. at 990).
Defendant did not preserve his arguments regarding an alleged improper demonstration in the courtroom, an improper jury charge, a violation of the court's Molineux ruling, a violation of defendant's Confrontation Clause rights and misconduct during the prosecutor's summation. We decline defendant's request to take corrective action with respect to these issues in the interest of justice.
Nevertheless, defendant argues that trial counsel failed to provide him with effective assistance by not objecting to most of these unpreserved issues. To succeed on this argument, defendant must demonstrate that counsel failed to provide meaningful representation, based on the totality of the circumstances, "and the absence of strategic or other legitimate explanations for counsel's allegedly deficient conduct" (People v Smith, 157 AD3d 978, 981 [2018] [internal quotation marks and citation omitted]; see People v Honghirun, 29 NY3d 284, 289 [2017]). "There can be no denial of effective assistance of trial counsel arising from counsel's failure to make a motion or argument that has little or no chance of success" (People v Criss, 151 AD3d 1275, 1280 [2017] [internal quotation marks and citations omitted], lv denied 30 NY3d 979 [2017]; see People v Thorpe, 141 AD3d 927, 935 [2016], lv denied 28 NY3d 1031 [2016]).
Regarding the courtroom demonstration, counsel raised a different objection than what is now raised on appeal. The current argument is that the television in the courtroom was dissimilar to the one taken from the victim's house, so an ability to move the courtroom television would not be relevant. However, witnesses testified that the television in the courtroom was comparable to the victim's television and the demonstration was in response to questions concerning whether one person could lift that television. Because the demonstration was relevant to a contested issue and based on similar conditions, any objection to the demonstration would have had little chance of success (see People v Lippe, 145 AD3d 1035, 1037 [2016], lv denied 30 NY3d 1020 [2017]; People v Raucci, 109 AD3d 109, 122 [2013], lv denied 22 NY3d 1158 [2014]; People v Boone, 176 AD2d 1085, 1086 [1991], lv denied 79 NY2d 853 [1992]; compare People v Acevedo, 40 NY2d 701, 704-705 [1976]).
Defendant's jury charge arguments are unavailing. He now argues that he was entitled to a missing witness charge, but the record does not support that any noncumulative police investigators should have testified. The accomplice charge was accurate because, "[w]here multiple crimes are charged and the record shows that the crimes involved a common plan or scheme, evidence corroborating the accomplice on one crime is sufficient to provide the required corroboration on the others" (People v Spencer, 272 AD2d 682, 684 [2000], lv denied 95 NY2d 858 [2000]; see People v Thomas, 55 AD3d 357, 359 [2008], lvs denied 12 NY3d 783, 785, 788 [*3][2009]; People v Crow, 284 AD2d 653, 654 [2001], lv denied 96 NY2d 900 [2001]). The murder, robbery and larceny charges here were part of a common plan. Thus, counsel was not ineffective in relation to Supreme Court's charge to the jury.
Defendant argues that counsel allowed a violation of his Confrontation Clause rights by failing to object to the admission of DNA reports without requiring the testimony of the authors of the reports or those who performed or supervised the DNA testing (see People v John, 27 NY3d 294, 315 [2016]). Counsel may have strategically decided to allow admission of the reports without additional witnesses. The reports showed that defendant's DNA was not discovered in the victim's house, so their admission was helpful. Counsel cross-examined the People's scientific witness regarding her lack of knowledge regarding the details of the testing and reports in this case, and permitting additional witnesses may have undermined the defense's strategy that the police failed to conduct a thorough investigation (see People v Perez, 142 AD3d 869, 870 [2016], lv denied 28 NY3d 1149 [2017]).
Defendant's argument as to the prosecutor's summation lacks merit "inasmuch as the challenged statements generally constituted fair comment on the evidence or were made in response to defense counsel's summation, and the few improper comments were not so pervasive or flagrant as to require reversal" (People v Fomby, 101 AD3d 1355, 1357 [2012] [internal quotation marks and citation omitted]; see People v Thomas, 155 AD3d 1120, 1123-1124 [2017], lv denied 31 NY3d 1018 [2018]; People v Johnson, 151 AD3d 1462, 1466 [2017], lv denied 30 NY3d 1106 [2018]). Thus, counsel's failure to object to the comments in summation did not deprive defendant of a fair trial. Moreover, counsel made appropriate motions, effectively cross-examined the People's witnesses, pursued a legitimate strategy and obtained acquittals of murder in the first degree and two counts of robbery. Considering the totality of the circumstances, counsel provided meaningful representation.
Although the prosecutor improperly argued that Supreme Court could rely on defendant's sale of drugs when imposing sentence, the court did not indicate that it was relying on any uncharged criminal conduct. Rather, in imposing sentence, the court noted that the jury discredited defendant's implausible story, his actions constituted clear consciousness of guilt, he failed to accept responsibility and his actions were reprehensible. Finally, the sentence imposed was not harsh or excessive.
Lynch, Devine, Clark and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.