■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH A. SANTARELLI, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Broome County (Monserrate, J.), rendered February 6, 1986, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the third degree.

Defendant, convicted after trial of unlawfully possessing a handgun, appeals, contending that the weapon was unlawfully seized and, thus, should have been suppressed from evidence and that he was unfairly prejudiced by inordinate publicity surrounding his trial. Since we conclude that both contentions lack merit, we affirm.

Police sought and obtained a warrant authorizing the search of an apartment occupied by defendant and his mother on the first floor of 703 Broad Street in the Village of Endicott, Broome County. The application for the search warrant was supported by the sworn statement of Scott Cleary, who stated that he lived directly across the street from defendant, that he had a conversation with defendant the previous night, during the course of which defendant displayed a handgun, and that defendant then returned directly to his apartment, still in possession of the weapon. Contrary to defendant's assertion, Cleary's affidavit provided probable cause to support the issuance of the search warrant. Since the "information furnished the court came directly from the informer's sworn statement, without the benefit of filtering by the police", the *Aguilar-Spinelli* test is inapplicable *(People v Hicks,* 38 NY2d 90, 93; *cf., People v Johnson,* 66 NY2d 398). The affidavit of a "citizen informer", recounting his personal observations and setting forth, as here, his full name and address and a warning that the making of a false statement constitutes a crime *(see,* Penal Law § 210.45), will support the issuance of a search warrant without extrinsic evidence of the informer's reliability *(see, People v Hicks, supra,* at 93-94; *People v Cantre,* 95 AD2d 522, 526, *affd* 65 NY2d 790).

We also reject the contention that the warrant authorized a search of only the first-floor apartment and not the cellar area directly below it, where the weapon was actually found. Defendant did not move to suppress the weapon on this basis and, accordingly, the issue has not been preserved for our review *(see,* CPL 710.70 [3]; *People v Minori,* 51 NY2d 930). Moreover, evidence adduced at the *Mapp* hearing and at trial

was more than adequate to support a finding that the cellar was, in fact, part of the first-floor apartment, used as a family room in conjunction therewith.* Finally, there is no evidence that "some or all of the jurors came in contact with * * * prejudicial material; [and] that it in fact exerted an influence upon them" *(People v Agron,* 10 NY2d 130, 142, *cert denied* 368 US 922; *see, People v Lynch,* 23 NY2d 262, 270-271). County Court questioned each of the jurors individually, at defendant's behest, and determined that the challenged news article had not been read by any of them.

Judgment affirmed. Kane, J. P., Casey, Weiss, Levine and Mercure, JJ., concur.

---

* This issue is clouded by the fact that defendant freely acquiesced in the search of his apartment and, in fact, directed the police officers to the location of the weapon in the cellar. However, at the *Huntley* hearing, the People conceded that defendant's statements, including those as to the location of the weapon, were inadmissible due to the failure of the police to give the appropriate *Miranda* warnings, requiring County Court to apply the "inevitable discovery" doctrine *(see, People v Knapp,* 52 NY2d 689). Further, defendant's failure to move to suppress on this ground resulted in a paucity of evidence on the issue at the *Mapp* hearing.