■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES D. JACKSON, Appellant.—Casey, J. Appeals from two judgments of the County Court of Broome County (Mathews, J.), rendered January 12, 1990, upon verdicts convicting defendant of two counts of the crime of criminal sale of a controlled substance in the third degree.

Defendant was charged with three separate offenses of criminal sale of a controlled substance in the third degree in three separate indictments. The first sale was alleged to have occurred on March 3, 1989, the second on March 8, 1989 and the third on April 28, 1989. Pretrial hearings were held to suppress a black leather hat that police had seized on March 8, 1989, as well as the in-court identification of witnesses Linda Thompson and George Vallese in regard to the first sale and the identification of William Osier in regard to the third sale. At that time County Court also considered and subsequently granted the People's motion to consolidate the three

indictments for trial, and granted the People's additional motion to withdraw the proposed identification of Osier. The court also granted defendant's motion to suppress the in-court identification of Thompson, but denied defendant's motion to suppress the identification of Vallese and the black leather hat.* After a four-day trial defendant was found guilty on the first and third indictments and not guilty on the second indictment. Defendant was sentenced to concurrent prison terms of 4 to 12 years on each of his two convictions.

On these appeals, defendant argues that County Court abused its discretion in consolidating the three indictments, each alleging a separate criminal sale of a controlled substance in the third degree, for trial. It is defendant's contention that he was prejudiced and his case adversely affected by this ruling because the evidence supporting the first indictment was much stronger than the evidence supporting the other two indictments. Defendant additionally urges that County Court failed to adequately instruct the jury not to cumulatively consider the evidence supporting each indictment separately from the evidence supporting the other indictments.

It is our view that these indictments were properly joinable pursuant to CPL 200.20 (2) (c). Each of the indictments involved a separate transaction of an uncomplicated drug sale by defendant committed within a limited time period. County Court, therefore, had the discretion to consolidate the three indictments for trial purposes (see, CPL 200.20 [4], [5]). We find that County Court did not abuse its discretion in consolidating the first and third indictments, for the facts underlying both of these indictments were "separately presented, uncomplicated and easily segregable in the jury's mind [and t]here was no substantial difference in the quantum of proof at trial" (People v Hall, 169 AD2d 778, 779). As to the second indictment, the witness Robert Wozniak could not identify defendant as the seller of the substance to him, and the police officers did not observe the drug transaction, so there was substantially less evidence supporting the second indictment. However, because defendant was acquitted of the second indicted charge, we find no prejudice (see, People v Streitferdt, 169 AD2d 171, 176, lv denied 78 NY2d 1015).

The further contention of defendant that the charge of County Court to the jury unduly prejudiced him was not preserved for our review by appropriate objection or exception

---

* These rulings are not at issue on these appeals.

*(see,* CPL 470.05 [2]; *People v Longo,* 182 AD2d 1019). In these circumstances, we find no reason to reverse in the interest of justice *(see,* CPL 470.15 [6] [a]). The proof was legally sufficient to support the convictions and the verdicts were not contrary to the weight of the evidence. County Court clearly instructed the jury to consider each charge separately and defendant was actually acquitted of the charge contained in the second indictment.

As to defendant's final claim that the sentence imposed was excessive, we find that defendant's prior record and his present conviction do not warrant any modification because his sentence is not unduly harsh or excessive. The judgments should be affirmed.

Mikoll, J. P., Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the judgments are affirmed.