■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT W. CASTLE, Appellant. [674 NYS2d 837] —Mercure, J. Appeal from a judgment of the Supreme Court (Keegan, J.), rendered December 16, 1992 in Albany County, upon a verdict convicting defendant of two counts of the crime of criminal possession of a controlled substance in the third degree.

Defendant was indicted for two counts of criminal possession of a controlled substance in the third degree in violation of Penal Law § 220.16 (12) (possession of one-half ounce or more of a substance containing cocaine) and Penal Law § 220.16 (1) (possession of a quantity of cocaine with intent to sell it) following the January 28, 1992 seizure of a bag of cocaine from under his car seat. A jury convicted defendant of both counts. Sentenced to concurrent prison terms of 8⅓ to 25 years, he now appeals. Because we conclude that defendant's various assertions of error are either unpreserved for our consideration or lacking in merit, we affirm.

First, given defendant's failure to move to preclude the People's use of his inculpatory statements on the basis of inadequate notice (*see, People v Linderberry*, 222 AD2d 731, 732, *lv*

*denied* 87 NY2d 975) and the fact that he moved to suppress the statements as involuntary (*see*, CPL 710.30 [3]; *see also*, *People v Kirkland*, 89 NY2d 903), defendant may not now attack the sufficiency of the People's CPL 710.30 notice (*compare*, *People v Lopez*, 84 NY2d 425, 428). Second, defendant having failed to move to dismiss the first count on the basis of the People's failure to establish his knowledge that he possessed a substance containing cocaine with an aggregate weight of at least one-half ounce (*see*, *People v Gray*, 86 NY2d 10, 18-19; *People v Johnson*, 233 AD2d 761, 764, *lv denied* 89 NY2d 1012), his present reliance upon *People v Ryan* (82 NY2d 497) is unavailing.

Similarly, defendant's failure to object to Supreme Court's charge to the jury precludes his present argument that Supreme Court erred in failing to instruct the jury on the People's burden to prove beyond a reasonable doubt that defendant was aware of the weight of the drug (*see*, *People v Gray*, *supra*; *People v Davis*, 235 AD2d 941, 943, *lvs denied* 89 NY2d 1010, 1013). Finally, defendant raised no objection to the People's summation, which in any event constituted fair comment on issues raised in defendant's closing statement (*see*, *People v Persons*, 245 AD2d 845; *People v Brown*, 216 AD2d 670, 674, *lv denied* 86 NY2d 791), and we are unpersuaded that the sentence was harsh or excessive. We also note that, by operation of Penal Law § 70.30 (1) (e) (i), the sentences imposed on this indictment and on two additional indictments which resulted in defendant's December 23, 1992 conviction of two counts of criminal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the third degree (*see*, *People v Castle*, 251 AD2d 891 [decided herewith]) will be reduced to a prison term of 15 to 30 years.

Cardona, P. J., White, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.