■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT W. CASTLE, SR., Appellant. [674 NYS2d 840] —Mercure, J. Appeal from a judgment of the Supreme Court (Keegan, J.), rendered December 23, 1992 in Albany County, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts).

A July 17, 1991 indictment charged defendant with criminal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the

third degree arising out of his sale of a quantity of cocaine to a police informant on July 9, 1991 and the subsequent seizure of a quantity of cocaine from his van on July 11, 1991. An August 7, 1991 indictment charged defendant with criminal sale of a controlled substance in the third degree as the result of a controlled sale that he made to the same informant on July 5, 1991. On the People's motion and over defendant's objection, Supreme Court consolidated the two indictments. Following a jury trial, defendant was convicted of all counts contained in the two indictments and sentenced to consecutive prison terms of $8\frac{1}{3}$ to 25 years on the sale counts and an aggregate term of 7 to 21 years on the possession counts, consecutive to the sentence on the sale counts. Defendant appeals.

We affirm. Initially, we reject the contention that Supreme Court erred in consolidating the indictments. On their consolidation motion, the People relied upon CPL 200.20 (2) (b), the subject of defendant's current attack, and also CPL 200.20 (2) (c) which, together with CPL 200.20 (4), authorizes consolidation of offenses that are "defined by the same or similar statutory provisions and consequently are the same or similar in law" (CPL 200.20 [2] [c]). It cannot be seriously argued that the offenses charged in the two indictments are not "the same or similar in law"; in fact, defendant has no response to the People's argument in that regard. We conclude that, given the similarity of the charges in the two indictments, the fact that the drug sales alleged in the two indictments occurred within just a few days of one another, that the same police informant was involved in each transaction and arranged the transactions with coded language developed by defendant, and that many of the same witnesses were required on the trial of the two indictments, Supreme Court acted well within its discretion in granting consolidation (*see, People v Lane*, 56 NY2d 1; *People v Jackson*, 187 AD2d 869; *People v Grate*, 122 AD2d 853, 855, *lv denied* 68 NY2d 1000). We find defendant's contrary arguments to be unpersuasive.

Defendant's additional contentions concerning alleged error in the Grand Jury proceedings underlying the second indictment and Supreme Court's receipt of expert opinion evidence identifying the substances as cocaine are both unpreserved for our review and lacking in merit. Defendant's claim that the prosecutor's examination of defendant before the Grand Jury impermissibly introduced evidence of unrelated crimes is not supported by the record. In addition, although the People's experts failed to support certain of their testimony with evidence demonstrating that they performed chemical analysis to

verify the nature of the known standard they employed in their testing (*see, People v McTootle*, 197 AD2d 597, *lv denied* 87 NY2d 975), because not all of the tests they performed required comparison with a known standard, the opinion evidence was nonetheless admissible (*see, People v Fallen*, 249 AD2d 771, 772; *People v Rotundo*, 194 AD2d 943, 946, *lv denied* 82 NY2d 726).

As a final matter, we are not persuaded by the argument that, because defendant had been offered a more lenient sentence as part of a proposed plea bargain, the sentence imposed after trial was harsh and excessive. We also note that, by operation of Penal Law § 70.30 (1) (e) (i), the sentences imposed on both indictments and, in fact, on an additional indictment which resulted in defendant's December 16, 1992 conviction of two counts of criminal possession of a controlled substance in the third degree (*see, People v Castle*, 251 AD2d 890 [decided herewith]), will be reduced to a prison term of 15 to 30 years.

Cardona, P. J., White, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.