■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT BEVERLY, Appellant. [716 NYS2d 730] —Carpinello, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered June 11, 1999 in Albany County, upon a verdict convicting defendant of the crimes of criminal trespass in the second degree, criminal contempt in the first degree (five counts) and criminal contempt in the second degree.

Defendant was charged in a May 22, 1998 superceding indictment with one count each of burglary in the second degree, criminal contempt in the second degree, endangering the welfare of a child and attempted assault in the second degree, as well as three counts of criminal contempt in the first degree. These charges stem from allegations that defendant entered the apartment of an ex-girlfriend (hereinafter the victim) by breaking a window, threatened her with physical injury and damaged personal property, all in violation of an order of

protection. This particular indictment superceded an indictment handed up in April 1998 which was dismissed pursuant to a stipulation between the parties. Defendant was subsequently charged in a June 23, 1998 indictment with two additional counts of criminal contempt in the first degree stemming from allegations that he telephoned the victim from jail at her place of employment, threatening to "blow [her] head off" the next time he saw her, in violation of yet another order of protection. After a jury trial on the consolidated indictments, defendant was convicted of one count of criminal trespass in the second degree, five counts of criminal contempt in the first degree and one count of criminal contempt in the second degree. Defendant was sentenced as a second felony offender to an aggregate sentence of 4 to 8 years in prison; he now appeals.

Defendant argues that the April 1998 indictment should have been dismissed outright because he was denied the right to testify before the Grand Jury that handed it up. However, the issue of the deprivation of defendant's right to testify before the original Grand Jury was resolved by a stipulation between the parties (*cf., People v Mason*, 176 AD2d 356, *lv denied* 79 NY2d 921; *Matter of Borrello v Balbach*, 112 AD2d 1051). Specifically, the Assistant District Attorney and defense counsel agreed in open court in the presence of defendant that defendant would be given an opportunity to testify before a second Grand Jury. If he availed himself of that opportunity, the result of that Grand Jury would control with any indictment superceding the original indictment. If, on the other hand, defendant opted not to testify before the second Grand Jury, then defendant's motion to dismiss the April 1998 indictment would be withdrawn and that indictment would stand. Defendant indeed testified before a second Grand Jury, which handed up the May 1998 superceding indictment. Having stipulated to this procedure in open court, defendant waived any statutory right to an outright dismissal of the April 1998 indictment (*see*, CPL 190.50 [5] [c]; *see generally, People v Redcross*, 246 AD2d 838, *lv denied* 92 NY2d 859; *People v Davis*, 94 AD2d 610).

We also reject the contention that Supreme Court abused its discretion in consolidating these indictments (*see*, CPL 200.20). Defendant did not establish that he was prejudiced by the consolidation nor did he convincingly demonstrate the requisite "strong need" to refrain from testifying on the June 1998 indictment (*see, People v Lane*, 56 NY2d 1, 8). Defendant's remaining contentions, including his claim that the verdicts were against

the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490), have been reviewed and rejected as without merit.

Cardona, P. J., Mercure, Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed.