■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK TORRA, Appellant. [766 NYS2d 912] —Carpinello, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered March 25, 2002, upon a verdict convicting defendant of the crimes of resisting arrest, assault in the second degree, petit larceny, criminal mischief in the fourth degree and burglary in the second degree.

On January 18, 2001, defendant was seen outside an apartment building in the City of Schenectady, Schenectady County, that was later found to have been burglarized. Several days later, when two uniformed police officers attempted to arrest defendant, he resisted, and one of the officers suffered an injury to his thumb. Defendant was indicted on charges of burglary in the second degree, criminal mischief in the fourth degree and petit larceny stemming from the burglary. He was also indicted on charges of assault in the second degree and resisting arrest, and County Court granted a motion to consolidate the two indictments. After a jury trial, defendant was convicted of all charges and sentenced, as a second violent felony offender, to consecutive prison terms of 15 years on the burglary conviction and seven years on the assault conviction, with lesser concurrent sentences on the remaining convictions.

On this appeal, defendant initially faults the consolidation of the indictments, contending that there was no basis for joinder. We disagree. Two indictments based upon separate criminal transactions may be joined, in the trial court's discretion, when evidence of a crime charged in one indictment is material and admissible as evidence of a crime charged in the second (*see* CPL 200.20 [2] [b]; [4]; *People v Lane,* 56 NY2d 1, 8 [1982]). Here, evidence that defendant committed the burglary was clearly admissible to establish his motive for later resisting arrest (*see People v Till,* 87 NY2d 835, 837 [1995]; *People v Hubert,* 237 AD2d 756, 757 [1997], *lv denied* 90 NY2d 859 [1997]), a sufficient basis for joinder of the two indictments. Since defendant failed to make a convincing showing of prejudice due to County Court's consolidation of the indictments, we see no abuse of discretion (*see People v Lane, supra* at 8-9; *People v Beverly,* 277 AD2d 718, 719 [2000], *lv denied* 96 NY2d 780 [2001]).

Nor did defendant receive ineffective assistance of counsel. Defendant identifies several alleged trial errors that he maintains cumulatively worked to deprive him of a fair trial. However, defendant has failed "to demonstrate the absence of strategic or other legitimate explanations" for these alleged errors (*People v Rivera,* 71 NY2d 705, 709 [1988]; *see People v Mejias,* 293 AD2d 819, 820 [2002], *lv denied* 98 NY2d 699 [2002]; *People v Richardson,* 193 AD2d 969, 971 [1993], *lv denied* 82 NY2d 725 [1993]). Viewing the evidence, the law and the totality of the circumstances at the time of his trial, we conclude that defendant received meaningful representation (*see People v Benevento,* 91 NY2d 708, 712 [1998]; *People v Baldi,* 54 NY2d 137, 147 [1981]).

Defendant's remaining contentions merit little discussion. We see no error in County Court's *Sandoval* ruling permitting inquiry regarding charges dismissed in satisfaction of other charges, rather than on the merits (*see People v Rivera,* 101 AD2d 981, 982 [1984], *affd* 65 NY2d 661 [1985]; *People v Alberti,* 77 AD2d 602, 603 [1980], *lv denied* 51 NY2d 728 [1980], *cert denied* 449 US 1018 [1980]; *see also People v Dragoon,* 256 AD2d 653, 654 [1998], *lv denied* 92 NY2d 1048 [1999]). Further, viewing the evidence in the light most favorable to the prosecution (*see People v Acosta,* 80 NY2d 665, 672 [1993]), the testimony was legally sufficient to support defendant's assault conviction (*see* Penal Law § 10.00 [9]; § 120.05 [3]; *People v Greene,* 70 NY2d 860, 862-863 [1987]; *People v Walley,* 296 AD2d 717, 717 [2002]).

Finally, we reject defendant's claim that his sentences are harsh and excessive. While these sentences are certainly greater than the sentence proposed as part of a plea agreement rejected by him, they are within the permissible statutory ranges (*see* Penal Law §§ 70.02, 70.04), and there is nothing to suggest that County Court's imposition of the maximum was in retaliation for the decision to proceed to trial (*see People v Franklin,* 288 AD2d 751, 756 [2001], *lv denied* 97 NY2d 728 [2002]; *People v Morgan,* 253 AD2d 946, 946 [1998], *lv denied* 92 NY2d 950 [1998]). In view of defendant's extensive criminal history, these sentences were not an abuse of discretion, and we see no extraordinary circumstances warranting their modification in the interest of justice (*see People v Spencer,* 272 AD2d 682, 685 [2000], *lv denied* 95 NY2d 858 [2000]; *People v Dolphy,* 257 AD2d 681, 685 [1999], *lv denied* 93 NY2d 872 [1999]).

Mercure, J.P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.