■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOYD P. WRIGHT, Appellant. [786 NYS2d 230]—

Mercure, J. Appeal from a judgment of the County Court of Tompkins County (Sherman, J.), rendered June 16, 2003, upon a verdict convicting defendant of the crimes of tampering with physical evidence and leaving the scene of a boating accident without reporting.

Defendant was charged in an indictment with failure to stop and report a boating accident and tampering with physical evidence after an early-morning boating collision on Cayuga Lake in August 2002. In the accident, the boat that defendant was operating allegedly struck another boat, killing one passenger and severely injuring another. The People asserted that defendant was aware that he had been involved in a crash, but nevertheless left the scene, neglected to contact authorities and attempted to conceal the damage caused to his boat by the accident. Following a jury trial, defendant was convicted as charged and sentenced to an aggregate prison term totaling 1 to 4 years. Defendant appeals, primarily arguing that the verdict was not supported by legally sufficient evidence and was against the weight of the evidence. We disagree.

Defendant asserts that the People failed to prove either that his boat was involved in the accident or, in the alternative, that he knew that the object his boat struck was another boat. Thus, defendant maintains, the People did not demonstrate that he "ha[d] knowledge" of the accident, an element of leaving the scene of an accident without reporting (Navigation Law § 47 [1] [a]), or that he believed that his boat was "physical evidence" that would be produced or used in an official proceeding (Penal Law § 215.40 [2]), such that his repairs amounted to concealment of or tampering with evidence. In our view, however, the People established the elements of both offenses through their production of testimony from several individuals who witnessed the accident and defendant's response thereto—including that of John Ottenschott, a friend of defendant who was a passenger in defendant's boat on the night in question—as well as expert testimony demonstrating that defendant's boat had, in fact, struck the victims' boat.

Specifically, Ottenschott indicated that defendant's boat

violently collided with and was launched over an object in the water just after he saw a band of light reflecting from the object. Ottenschott stated that defendant slowed down after the crash but did not stop to check for injured persons or damaged property and left the scene. Later, defendant discussed with Ottenschott the possibility that he had hit another boat, the need to repair a 20-inch gouge in his boat caused by the accident and his desire that Ottenschott "be quiet" about the crash after the two men learned of the victims' injuries. Two other eyewitnesses testified that they heard a boat strike either the victims' boat or a large object in the water at a high rate of speed, then leave the scene without stopping to investigate. One witness stated that he called 911 after hearing screams coming from the victims' boat.

In addition, the People presented expert testimony reconstructing the accident, demonstrating that the damage done to defendant's boat was consistent with that done to the victims' boat and paint chips found on one victim's body. Indeed, there was evidence that a piece of foam found in the propeller of defendant's boat was consistent with foam from a cushion in the victims' boat. The experts also indicated that the repairs to defendant's boat were "hastily done." Finally, during a videotaped interview with police, defendant agreed that he was in a hurry to get away from the scene because he knew that he had been drinking and might have hit someone's boat. Viewing this evidence in the light most favorable to the People, as we must (*see People v Contes,* 60 NY2d 620, 621 [1983]), we conclude that "there is [a] valid line of reasoning and permissible inferences [that] could lead a rational person to the conclusion" that defendant's boat was involved in the accident with the victims' boat and that he was aware of that fact (*People v Bleakley,* 69 NY2d 490, 495 [1987]). Moreover, upon our review of the conflicting testimony and competing inferences that may be drawn therefrom, we cannot say that the verdict was against the weight of the evidence (*id.* at 495).

We also reject defendant's argument that evidence of his drinking on the night of the accident should have been excluded as lacking probative value. Such evidence was probative of defendant's motive for leaving the scene of the accident and his state of mind after the crash—material issues in light of defendant's denial of knowledge of the crash. Inasmuch as the probative value of this evidence exceeded its potential for prejudice to defendant, the evidence was properly admitted (*see People v Milot,* 305 AD2d 729, 731 [2003], *lv denied* 100 NY2d 585 [2003]; *People v Toland,* 284 AD2d 798, 803-805 [2001], *lv*

*denied* 96 NY2d 942 [2001]; *see generally. People v Alvino,* 71 NY2d 233, 241-243 [1987]). Also unpersuasive is defendant's argument that County Court erred in failing to dismiss a sworn juror who brought to the court's attention that she knew the spouse of the half sister of one of the victims. Given that the juror indicated in response to the court's inquiry that she would not recognize the victim's half sister if she saw her and that she had not spoken to the half sister's husband in years, it was not "obvious" that the juror was grossly unqualified by virtue of "possess[ing] a state of mind which could prevent the rendering of an impartial verdict" (*People v Bradford,* 300 AD2d 685, 687-688 [2002], *lv denied* 99 NY2d 612 [2003] [internal quotation marks and citation omitted]; *see* CPL 270.35 [1]). Accordingly, we conclude that County Court did not abuse its discretion in determining that the juror was qualified to serve.

We have considered defendant's remaining claims, including his assertion that his sentence was harsh and excessive, and conclude that they are without merit.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.