■ The People of the State of New York, Respondent, v Christopher Lucas, Appellant. [806 NYS2d 798]—

Spain, J. Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered February 4, 2004, upon a verdict convicting defendant of the crime of tampering with physical evidence.

At around 1:00 A.M. on November 30, 2002, defendant was involved in an altercation in his home in the City of Schenectady, Schenectady County, with a woman he knew for several years. The woman, wearing only underwear, fled to a nearby house frantically reporting that defendant had assaulted and attempted to rape her and police were called. Defendant, whose phone was not connected, went to another neighbor reporting a woman had kicked in his back door and assaulted him as he slept, a story he repeated to police. Police investigating the scene found the house in disarray and the victim's coat, clothing, sneakers and ID card stuffed in an old disconnected furnace boiler located in defendant's backyard near his porch, and there were no human footprints in the snow leading into the backyard.

When interviewed by a police detective and confronted by inconsistencies between his account and the evidence found at the scene, defendant changed his story, admitting that the woman had not broken into his house. He provided a signed written statement in which he claimed that the victim had voluntarily accompanied him home with the mutual understanding that they would engage in sexual relations but, after they went upstairs and took off their clothes, they had a dispute over the cost; defendant asserted that the woman got mad, trashed his house, hit him, refused to get dressed and then left unclothed. After calling police from the neighbor's phone, defendant returned home to await their arrival and "picked up" the house and, upon discovering the woman's clothing and ID card, he admitted placing them in the boiler because he thought he was being "set up" by the woman. When police arrived, he consented to a search of his home.

Defendant was indicted and tried for the crimes of kidnapping in the second degree, unlawful imprisonment in the first degree, assault in the second degree and tampering with physical evidence. The woman testified at trial that as she was walking home that night, defendant forcibly pulled her into his home wielding a knife and demanded sex. Defendant also testified, essentially recounting the story given in his written statement. He admitted lying to police that the woman had broken in and to hiding her clothes, both of which he attributed to his fear that his girlfriend would learn that he had been with another woman and that he would be arrested for soliciting a prostitute. The jury convicted defendant of tampering with evidence related to hiding the clothing, but acquitted him of the other charges, and County Court imposed a 1$^1$/$_3$ to 4-year prison sentence. Defendant now appeals and we affirm.

On appeal, defendant interchangeably challenges both the weight and legal sufficiency of the evidence supporting the verdict. Defendant was charged with tampering with physical evidence under Penal Law § 215.40 (2), which requires proof that "[b]elieving that certain physical evidence is about to be produced or used in an official proceeding or a prospective official proceeding, and intending to prevent such production or use, he [or she] suppress it by any act of concealment" (*see People v Hafeez*, 100 NY2d 253, 260 [2003]). To the extent that defendant now argues that the proof of his intent was not legally sufficient, that specific claim was not raised in defendant's motion to dismiss after the People rested and is, thus, unpreserved, and we decline to exercise our interest of justice jurisdiction with respect thereto (*see* CPL 470.05; *see also People v Thomas*, 21 AD3d 643, 644 [2005]).

Next, we reject defendant's challenge to the verdict as being contrary to the weight of credible evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant admitted hiding the woman's clothes and making up the "break-in" story, leaving for the jury only the determination of his reasons and intent in doing so. The jury rationally inferred that defendant's actions supported the conclusion that he concealed the woman's clothing to prevent police from finding it and learning what really happened and using it to charge him with any number of crimes. The jury was under no obligation to believe defendant's proffered reasons for his concealment of the clothing, which he provided only after police had already discovered it.

Moreover, contrary to defendant's repeated claims on appeal, the jury's eventual acquittal of defendant on the charges related to the altercation did not preclude the jury from concluding that defendant had, in fact, concealed her clothing because he believed it would support criminal charges against him (*see People v Hafeez, supra* at 260; *People v Haight*, 19 AD3d 714, 716 [2005], *lv denied* 5 NY3d 806 [2005]; *People v Wright*, 13 AD3d 736, 738 [2004], *lv denied* 4 NY3d 837 [2005]). While a different verdict would not have been unreasonable, viewing the evidence as a whole in a neutral light, we cannot conclude that the verdict ran contrary to the weight of credible evidence (*see People v Bleakley, supra* at 495).

Although this was defendant's first felony conviction, he had a considerable history of criminal offenses, which was a factor considered by County Court at sentencing, as was his consistent failure to take any responsibility for his conduct (*see People v McRae*, 284 AD2d 657, 659 [2001], *lv denied* 96 NY2d 921 [2001]). There are no extraordinary circumstances in this case nor did County Court abuse its discretion in sentencing defendant (*see People v Houghtaling*, 14 AD3d 879, 883-884 [2005], *lv denied* 4 NY3d 831 [2005]; *People v Perkins*, 5 AD3d 801, 804 [2004], *lv denied* 3 NY3d 741 [2004]).

Cardona, P.J., Mercure and Crew III, JJ., concur. Ordered that the judgment is affirmed.