■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VAL THOMAS, Appellant. [900 NYS2d 773]—

Lahtinen, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered December 3, 2007, upon a verdict convicting defendant of the crimes of assault in the second degree (five counts), criminal mischief in the third degree and resisting arrest.

In November 2003, defendant was involved in a physical altercation with police officers and he damaged a police vehicle. On two subsequent dates that month, he had physical altercations with Ulster County correction officers. A nine-count indictment ensued. Another physical altercation with a correction officer in March 2004 led to an additional two-count indictment. After arraignment on the second indictment, County Court committed defendant to a psychiatric facility and, although initially deemed an incapacitated person, County Court eventually ruled after a hearing in 2007 that defendant was competent to stand trial. Upon the People's application, the two indictments were consolidated for trial. Defendant's request to proceed pro se was denied. A jury convicted him of assault in the second degree (five counts), criminal mischief in the third degree and resisting arrest. County Court sentenced defendant to an aggregate term of 4½ years in prison with five years of postrelease supervision. Defendant appeals.

Defendant argues that he was improperly denied the right to

represent himself. "A defendant in a criminal case may invoke the right to defend pro se provided: (1) the request is unequivocal and timely asserted, (2) there has been a knowing and intelligent waiver of the right to counsel, and (3) the defendant has not engaged in conduct which would prevent the fair and orderly exposition of the issues" (*People v McIntyre*, 36 NY2d 10, 17 [1974]; *see People v Tafari*, 68 AD3d 1540, 1541 [2009]). While the mental capacity to stand trial and to waive counsel are not viewed as two separate and distinct levels of capacity (*see People v Reason*, 37 NY2d 351, 353-354 [1975]; *but cf. Indiana v Edwards*, 554 US 164 [2008]), mental capacity nevertheless remains relevant in the waiver of counsel equation since "[a]s in other instances of waiver, the determination that it was intelligent and voluntary, and thus legally effective, may well turn, even in major part, on the mental capability of the defendant at the time in the circumstances" (*People v Reason*, 37 NY2d at 354). Review of the trial court's decision is not limited to a particular colloquy, but rests on the reasonableness of the decision as reflected by the entire record (*see People v Providence*, 2 NY3d 579, 583 [2004]; *People v Arroyo*, 98 NY2d 101, 104 [2002]).

There is no dispute that defendant timely requested the right to defend himself. His written application expressed a desire to proceed pro se based on displeasure with his assigned attorneys for their unwillingness to acknowledge that defendant was "the legitimate King of the United States" as well as "Almighty God." He stated that he was displeased with his attorneys' refusal to assert his purported absolute immunity under the treaty known as "The General Agreement to End World War III," which had been "ratified by the United States and every other country that existed in 1998." Defendant previously had referred to himself, and wanted to be addressed as, "General Val Thomas, Commander-in-Chief of the North American Union Army" of the "Second American Civil War." In urging his competency to represent himself, he related that he was born on May 19, 1963, which was "one of the only two days in our lifetimes in which the Earth spun backwards, with the sun rising in the West and setting in the East." According to defendant, such phenomenon served to verify that he was, as noted previously, "Almighty God." He did, however, request standby counsel in his application and indicated a willingness to accept for that role one of the following three individuals: "Senator Hillary Rodham Clinton; retired Supreme Court Justice Sandra Day O'Connor; or Nevada State District Judge Jacqueline Glass." These quotes from defendant are by no means exhaustive of his various claims about himself throughout the record.

We find that at the time defendant made his application to proceed pro se, the record fails to reveal that he did so intelligently. Also, if permitted to proceed with his defense as framed (and the many irrelevant witnesses he planned to call), a fair and orderly trial would not have been feasible. Moreover, it is undisputed that the three standby counsel he listed as acceptable to assist him were not available to serve him in such capacity. Hence, it was not possible to fulfill a condition included in his request to represent himself. Under the circumstances presented, we are not persuaded that County Court erred in refusing to permit defendant to proceed pro se.

County Court's decision to consolidate the indictments fell within its discretion (*see People v Lane*, 56 NY2d 1, 8 [1982]; *People v Smith*, 49 AD3d 1032, 1033 [2008], *lv denied* 10 NY3d 939 [2008]; *People v Jackson*, 187 AD2d 869, 870 [1992]). As for defendant's weight of the evidence argument, we have evaluated the trial evidence and rational inferences therefrom in a neutral light, while according due deference to the credibility determinations of the jury, and we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The remaining arguments, including those in defendant's pro se brief, have been considered and found unpersuasive.

Mercure, J.P., Rose, Kavanagh and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.